**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39936/39937**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 365 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 14, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRANDON CHARLES HARRIS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation and requiring execution of concurrent unified seven-year sentence with three-year determinate term for burglary and five-year sentence with two-year determinate term for eluding a police officer, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge
and MELANSON, Judge

_____

PER CURIAM

In these consolidated appeals, Brandon Charles Harris pled guilty to burglary (docket number 39936). Idaho Code §§ 18-1401-1403. Harris also pled guilty to eluding a police officer (docket number 39937). I.C. § 49-1404(1), (2)(a) and/or (c). The district court imposed concurrent unified sentences of seven years, with three years determinate, for burglary and five years, with two years determinate for eluding a police officer, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentences and placed Harris on supervised probation for four years. Harris admitted to violating the terms of his probation two times with the district court again placing him back on probation. Harris

1

admitted to violating his probation a third time and the district court revoked his probation and remanded Harris to the Bannock County Jail and ordered that he attend rehabilitation classes. After completion of the classes, Harris was again placed on probation for four years. Subsequently, Harris admitted to violating several terms of the probation for a fourth time, and the district court consequently revoked probation and ordered execution of the concurrent original sentences. Harris filed an Idaho Criminal Rule 35 motion, which the district court denied. Harris appeals, contending that the district court abused its discretion by executing his underlying concurrent sentences, without any reduction. Harris also contends that the district court abused its discretion by denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Harris's Rule 35 motion, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Harris's original

2

sentences without modification, or denying his Rule 35 motion. Therefore, the order revoking probation and directing execution of Harris's previously suspended sentences is affirmed and the district court's order denying Harris's Rule 35 motion is affirmed.